UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DENNIS SHERROD,<br><br>           Plaintiff,<br><br>       vs.<br><br>UNKNOWN,<br><br>           Defendant. | 1:19-cv-00839-DAD-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY <u>HECK V. HUMPHREY</u>, 512 U.S. 477 (1994) AND <u>EDWARDS v. BALISOK</u>, 520 U.S. 641 (1997).**<br><br>**(ECF No. 21.)**<br><br>**30 DAY DEADLINE** |

      Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 10, 2019, in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On June 14, 2019, the case was transferred to this court. (ECF No. 4.) On December 23, 2019, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 21.)

      In the First Amended Complaint Plaintiff claims that defendant C/O Oregel issued a false 115 Rules Violation Report against Plaintiff for assaulting another inmate. Plaintiff was found guilty and forfeited 365 days of behavior credits. Plaintiff seeks a court order reversing the guilty finding against him, restoring the 365 days of lost behavior credits, expunging all references to

the disciplinary charge from his files, awarding him monetary damages and releasing him from CDCR custody.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff's First Amended Complaint does not contain any allegations to show that the guilty finding against him has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **February 9, 2021**                              **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE