UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DENNIS SHERROD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNKNOWN,<br><br>　　　　Defendant. | 1:19-cv-00839-DAD-GSA-PC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (ECF No. 21.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

**I.　BACKGROUND**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 10, 2019, in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On June 14, 2019, the case was transferred to this court. (ECF No. 4.)

On December 23, 2019, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 21.) On February 10, 2021, the court issued an order requiring Plaintiff to show cause within thirty days why this case should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). The thirty-day time

1

period has expired and Plaintiff has not filed a response to the court's order. The court shall proceed to screen the First Amended Complaint. 28 U.S.C. § 1915.

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Valley State Prison in Chowchilla, California. The events at issue in the First Amended Complaint allegedly occurred at the California Substance Abuse Treatment Center and State Prison (SATF) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation.

Plaintiff names as defendants John Doe #1 and E. Oregel (Peace Officer) ("Defendants"). Following are Plaintiff's allegations:

On July 11, 2018 at SATF, Plaintiff was working in the kitchen as the lead cook. Inmate Dillihunt, one of Plaintiff's workers, asked Plaintiff if he could make the tea. Plaintiff said yes. Inmate Dillihunt messed it up. Plaintiff told Dillihunt he messed up the tea and Dillihunt got mad. Fifteen minutes later, Dillihunt left his post, the serving line, and walked right past defendant C/O Oregel's office. Defendant Oregel was just sitting there looking at both Dillihunt and Plaintiff. That's when Dillihunt hit Plaintiff in the forehead. Defendant Oregel was still sitting down with the door of his office closed.

That same day, defendant Oregel abused his authority by issuing a false RVR 115 Rules Violation Report about the incident. If defendant Oregel had stepped in and stopped the attack on Plaintiff, the outcome would have been different. Defendant Oregel states that he completed twelve years of service for CDCR, but on July 11, 2018, he dropped the ball. Defendant Oregel denied Plaintiff, an ADA/DNM inmate, help. Defendant Oregel is the true wrongdoer. Plaintiff still suffers from permanent chronic brain damage, which has an adverse effect on Plaintiff's day-to-day welfare.

Plaintiff requests a court order reversing the guilty finding against him on his disciplinary charges, restoring the 365 days of lost behavior credits, expunging all references to the disciplinary charge from Plaintiff's files, appointing counsel and awarding reasonable attorney fees, releasing him from CDCR custody, and awarding monetary relief, including punitive damages.

**IV.     PLAINTIFF'S CLAIMS**

    **A.     <u>Section 1983</u>**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

### B. <u>Failure to Protect – Eighth Amendment Claim</u>

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Id. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Id. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff alleges that defendant Oregel failed to protect him from an attack by inmate Dillihunt because defendant Oregel did not step in and stop the attack. Plaintiff alleges that defendant Oregel saw Plaintiff and inmate Dillihunt walk by Oregel's office just before Dillihunt hit Plaintiff on the forehead, and after the attack, defendant Oregel was still sitting down with the door of his office closed. Plaintiff fails to state a claim against defendant Oregel because he alleges no facts showing that defendant Oregel knew that Plaintiff was at risk of harm by inmate Dillihunt before the attack. In fact, Plaintiff fails to show that defendant Oregel was aware that Plaintiff had even been attacked. There are no facts demonstrating that defendant Oregel knew about a risk or harm to Plaintiff and ignored the risk, or acted unreasonably, causing Plaintiff to be injured.

Therefore, Plaintiff fails to state a claim against defendant Oregel for failing to protect him. Plaintiff shall be granted leave to amend the complaint to cure the deficiencies in this claim.

### C. John Doe Defendant – Personal Participation

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Id.; Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013);

Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08, cert. denied, 132 S.Ct. 2101 (2012).

Plaintiff names a John Doe Defendant in the First Amended Complaint, but he does not allege that John Doe personally acted against him. Plaintiff fails to attribute any personal act to the John Doe Defendant. Plaintiff cannot state a claim against John Doe unless he demonstrates in his allegations that John Doe personally acted or failed to act, violating Plaintiff's rights. Therefore, Plaintiff fails to state a claim against defendant John Doe.

Plaintiff is advised that unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### D. Due Process – Loss of Good-time Credits

Plaintiff alleges that defendant Oregel abused his authority by issuing a false RVR 115 Rules Violation Report against Plaintiff following the attack by inmate Dillihunt, and Plaintiff was found guilty of a disciplinary violation about the incident, forfeiting 365 behavior credits. As relief, Plaintiff requests a court order reversing the guilty finding against him on his disciplinary charges, restoring the 365 days of lost behavior credits, expunging all references to the disciplinary charge from Plaintiff's files, appointing counsel and awarding reasonable attorney fees, releasing him from CDCR custody, and awarding monetary relief, including punitive damages.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Here, a judgment in Plaintiff's favor would necessarily imply the invalidity of his disciplinary conviction and his subsequent credit loss. The First Amended Complaint does not contain any allegations to show that Plaintiff's finding of guilt which resulted in his forfeiture of ninety days good time credits has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Thus, Plaintiff is barred by Heck and Edwards from pursuing any claims under § 1983 concerning the process he was provided which resulted in the forfeiture of good time credits.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint against any of the individual defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Plaintiff shall be granted leave file a Second Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the

purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on June 10, 2019.

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey, 693 F.3d at 907 n.1), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Based on the foregoing, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint against any of the individual Defendants upon which relief may be granted under § 1983;
2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim, with leave to amend within **thirty (30) days** from the date of service of this order;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:19-cv-00839-DAD-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: __**May 22, 2021**__          _____**/s/ Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE