1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10
11   ALBERT DENNIS SHERROD,              1:19-cv-00839-DAD-GSA-PC
12              Plaintiff,               **FINDINGS AND RECOMMENDATIONS,**
                                         **RECOMMENDING THAT THIS CASE  BE**
13       vs.                             **DISMISSED AS BARRED BY** <u>**HECK V.**</u>
                                         <u>**HUMPHREY**</u>**, 512 U.S. 477 (1994) AND**
14   UNKNOWN,                            <u>**EDWARDS v. BALISOK**</u>**, 520 U.S. 641**
                                         **(1997).**
15              Defendant.              **(ECF No. 29.)**
16
17                                       **OBJECTIONS, IF ANY, DUE WITHIN**
                                         **FOURTEEN (14) DAYS**
18
19
20
21
22

**I.       BACKGROUND**

23          Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights

24   action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on

25   June 10, 2019, in the Sacramento Division of the United States District Court for the Eastern

26   District of California.  (ECF No. 1.)  On June 14, 2019, the case was transferred to this court.

27   (ECF No. 4.)

28

On December 23, 2019, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 21.)  On February 10, 2021, the court issued an order requiring Plaintiff to show cause within thirty days why this case should not be dismissed as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and <u>Edwards v. Balisok</u>, 520 U.S. 641, 643–647 (1997).  The thirty-day time period expired and Plaintiff and not file a response to the court's order.  On May 24, 2021, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (ECF No. 28.)  On June 28, 2021, Plaintiff filed the Second Amended Complaint which is now before the court for screening.  28 U.S.C. § 1915.

## II.   PLAINTIFF'S ALLEGATIONS AND CLAIMS

In brief, Plaintiff alleges in the Second Amended Complaint that during the relevant time period he was incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, California.  On July 11, 2018, Plaintiff was assaulted by another inmate and received a disciplinary Rules Violations Report (RVR), was found guilty, and forfeited 365 days of behavior credits.  Plaintiff claims that defendant Officer E. Oregel should have intervened in the assault.  Plaintiff also alleges that defendant Oregel wrote a false RVR report.

As relief, Plaintiff requests that the guilty finding be reversed and the 365 days of lost credits be restored.  Plaintiff also requests monetary damages.

## III.   HECK V. HUMPHREY AND EDWARDS v. BALISOK

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), <u>cert. denied</u> 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  <u>Heck</u>, 512 U.S. at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  <u>Id.</u> at 488.  This "favorable termination"

requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Balisok, 520 U.S. at 643–647.

**B.   Discussion**

Plaintiff submitted no evidence that an appeal was granted, or that his conviction or sentence was reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  Therefore, this court finds that Plaintiff's § 1983 case is barred by the favorable termination rule of Heck and Balisok and should be dismissed, without prejudice to filing a petition for writ of habeas corpus.

**IV.   CONCLUSION AND RECOMMENDATIONS**

The court has found that Plaintiff's Second Amended Complaint fails to state a § 1983 claim upon which relief can be granted, and that Plaintiff is barred by Heck and Balisok from pursuing his claims in this case under § 1983.  Therefore, Plaintiff's § 1983 case should be dismissed, without prejudice to filing a petition for writ of habeas corpus.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.    Plaintiff's case be DISMISSED for failure to state a § 1983 claim, as barred by the favorable termination rule of Heck and Balisok, without prejudice to filing a petition for writ of habeas corpus; and

2.    The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

///

///

///

///

3

objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **October 4, 2021**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE